Hendricks vs. Wood.

| 33 | 1051 |
| f119 | 689 |

No. 1020.

ELIZA P. HENDRICKS, WIFE, VS. THOMPSON WOOD, HUSBAND.

WOOD & ROANE, INTERVENORS.

ON MOTION TO DISMISS.

The amount of the claim, and not that which may be proved, is the test of the jurisdiction of this Court.

ON THE MERITS.

In default of proof of the husband's financial embarrassment, the wife, suing for a separation of property and recovery of paraphernal rights, should be nonsuited.

APPEAL from the Fifth District Court, parish of Ouachita. *Richardson, J.*

*Cobb & Gunby* for Plaintiff and Appellant:

First—A wife has a claim against her husband for the proceeds of her slaves sold by him before the close of the war.

Second—Confederate money was a good consideration during the existence of the Confederate Government, and where Confederate money belonging to the wife was used by the husband, she can recover its value in United States currency or gold.

Third—Where the wife's mortgage was recorded after January 1st, 1870, it was not lost, but took effect from the date of its record.

Fourth—It is not necessary, in order to obtain a judgment of separation, to prove that the husband is *insolvent.* It suffices to show that his affairs are disordered or embarrassed.

Fifth—Art. 2425 R. C. C. does not embrace all the grounds for which a separation of property may be sued for and obtained.

*Franklin Garrett* for Intervenors and Appellees:

First—Plaintiff offered no evidence to establish her allegation that her husband's affairs were disordered.

Second—Her tacit mortgage perempted by non-registry before 1st January, 1870.

Third—Although plaintiff demands $2700, it is clearly *fictitious,* she having offered to prove only $500 thereof. The Court is without jurisdiction, *ratione materiæ,* the matter in dispute not exceeding $1000.

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. This is an action for separation of property, in which plaintiff prays for a moneyed judgment against her husband for $2700,

.amount of her paraphernal funds alleged to have been received and converted to his own use by her husband.

Under the pleadings, this case presents an issue involving an .amount clearly within our jurisdiction; the fact that plaintiff may utterly fail, under the evidence, to prove the whole or any part of her ·claim, cannot be considered in determining the question of jurisdiction. The amount of the claim, and not the amount which may be proved, affords the test of our jurisdiction.

Appellees' motion to dismiss, resting on the ground that plaintiff's demand is fictitious under the evidence, is untenable, and the motion is, therefore, denied.

ON THE MERITS.

Plaintiff charges that she had received, as donations from her father, a valuable mare and two slaves, which property was sold by her husband for an aggregate amount of $2750, which he received and converted to his own use, and that his financial embarrassment induces her to believe that his estate will not be sufficient to satisfy her claim for ·the restitution of her paraphernal funds, composed and converted as stated above.

Wood & Roane, creditors of the husband for $2878, intervened in the suit, and alleging that this action was a fraudulent device, calculated to defraud the husband's creditors, prayed that the wife's demand be rejected.

The husband made no defence, and plaintiff appeals from a judgment of nonsuit.

Plaintiff has introduced no evidence in support of the alleged sale by her husband of the mare, which is alleged to have been donated to ·her by her father and to have been sold by her husband, and the record is equally silent as to the alleged sale by him of a negro boy named ˙Willis for the sum of six hundred dollars.

In support of the alleged sale for $2000, in Texas, of the slave Abraham Owen, plaintiff relies upon the testimony of W. T. Oliver, who testifies that he purchased the slave from the defendant for *$3000* in ·Confederate money, worth about $500 in gold, and on the testimony of Abraham Owen, the then slave, himself, who testifies that he was sold for *$2000*, which he saw counted and handed to the defendant.

Such evidence is of the weakest kind; it is contradictory, and would ·embarrass in reaching a proper disposition of the cause, which, however, turns upon the following point:

The record contains no evidence whatever in support of the alleged embarrassment of the husband in his affairs, and contains no proof of the amount or value of his property, nor any statement of his indebtedness, so as to allow us to appreciate the danger of plaintiff's losing

her paraphernal funds. Her counsel contend that the very fact of the intervention showing a large indebtedness to intervenors, is sufficient to · support her allegations on this point.

Our answer is; that we have no evidence to show the financial position of the husband, or the relative proportion between his assets and. his liabilities.

And in default of such proof plaintiff cannot recover judgment, and' the District Judge correctly nonsuited her. Hanna vs. Pritchard, 6 An. 134; Lacomb vs. Her Husband, 8 An. 485; C. C. 2425.

The District Judge did not err in overruling plaintiff's exception to the right of intervenors' appearance in the suit. Appellant's silence on this question in her brief, justifies the conclusion that her counsel,.. acknowledging the weakness of their position, have abandoned their exception. Our law does not favor suits of separation of property, and holds out to creditors every facility for the protection of their rights.. 10 An. 85; 31 An. 405.

It is, therefore, ordered, adjudged and decreed that the judgment. of the lower court be affirmed with costs.